**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Next Step Advisors LLC, et al.,<br><br>                  Plaintiffs,<br>vs.<br><br>True Harvest Holdings Incorporated, et al.,<br><br>                  Defendants. | No. CV-22-01680-PHX-SPL<br><br>**ORDER** |

**I.    BACKGROUND**

On September 26, 2022, Plaintiffs Next Step Advisors, LLC; M. Sipolt Marketing, LLC; Sabertooth Investments, LLC; and True Harvest, LLC filed a Complaint in Maricopa County Superior Court initiating this action against Defendants The Greenrose Holding Company, Inc. ("Greenrose") and its wholly-owned subsidiary True Harvest Holdings, Inc. ("TH Holdings"). (Doc. 1-6). Each Plaintiff is a creditor of Defendants, and Plaintiff True Harvest also holds equity in Defendant Greenrose. (Doc. 1-6 at 1–2). Defendant Greenrose, through Defendant TH Holdings, manufactures and processes cannabis,[1] which is legal under Arizona law but illegal under the federal Controlled Substances Act ("CSA"). A.R.S. § 36-2852; 21 U.S.C. § 812.

---

[1] The Court takes judicial notice of this fact from Defendant Greenrose's 2021 Form 10-K filed with the U.S. Securities and Exchange Commission, available at https://www.sec.gov/ix?doc=/Archives/edgar/data/1790665/000121390022020149/f10k2021_thegreenrose.htm. *See Hammitt v. Lumber Liquidators, Inc.*, 19 F. Supp. 3d 989, 1004 (S.D. Cal. 2014).

Plaintiff True Harvest operated a cannabis cultivation facility and distributed cannabis to licensed Arizona dispensaries until it sold "substantially all" of its assets to Defendant TH Holdings via an Asset Purchase Agreement ("APA"). (Doc. 1-6 at 2–3). As part of the purchase price, Plaintiff True Harvest and Defendant TH Holdings executed a promissory note pursuant to which Defendant TH Holdings agreed to pay amounts owed to Plaintiff True Harvest. (Doc. 1-6 at 3). On or about the same day, Defendant TH Holdings also executed separate promissory notes with each remaining Plaintiff, evidently to finance the purchase of Plaintiff True Harvest's assets. (Doc. 1-6 at 4–5). Defendant Greenrose guaranteed Defendant TH Holdings' payment of each of the promissory notes. (Doc. 1-6 at 6).

Each Plaintiff seeks damages for one count of breach of contract, asserting that Defendants have failed to pay amounts due to each of them under their respective promissory notes, and Plaintiff True Harvest seeks damages for an additional count of breach of contact alleging breach of the APA based on nonpayment. (Doc. 1-6 at 7–9). Plaintiffs also seek appointment of a receiver based on allegations that Defendants are insolvent and have failed to take appropriate action, putting Plaintiffs' interests at risk. (Doc. 1-6 at 9–10).

The same day Plaintiffs filed their Complaint in Maricopa County Superior Court, they also filed an Emergency Application for Appointment of a Receiver. (Doc. 1-10). The state court set an Order to Show Cause Hearing on the Application for October 5, 2022. (Doc. 1-11). Before the Hearing could be held, however, on October 3, 2022, Defendants removed the case to this Court. (Doc. 1). On October 6, 2022, Plaintiffs filed the instant Motion for Remand (Doc. 6) and a Notice for Expedited Consideration (Doc. 7), followed by a Supplement to the Motion on October 18, 2022 (Doc. 9). The Motion is now fully briefed (Docs. 10, 12), and the Court rules as follows.[2]

---

[2] Because it would not assist in resolution of the instant issues, the Court finds the pending Motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## II. DISCUSSION

Plaintiffs' Motion for Remand is based on an argument that this Court cannot grant the relief Plaintiffs seek without ordering a violation of the CSA. When a case is removed to federal court but the plaintiff lacks Article III standing, the case must be remanded to state court.[3] *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). "To establish standing, a plaintiff must show that (1) he or she has suffered an injury in fact . . . ; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148, 1154 (9th Cir. 2015). "If the court is unable to grant the relief that relates to the harm, the plaintiff lacks standing" because the redressability element cannot be satisfied. *Gonzales v. Gorsuch*, 688 F.2d 1263, 1267 (9th Cir. 1982). Federal courts cannot award relief that would require violation of federal law. *See Bassidji v. Goe*, 413 F.3d 928, 938–39. Plaintiffs here request two forms of relief: damages for breach of contract and appointment of a receiver. (Doc. 1-6 at 10).

"[D]istrict courts in this circuit have declined to enforce contracts and award damages for the manufacture and sale of marijuana when no other remedy exists except one that would compel a party to violate the CSA." *J. Lilly, LLC v. Clearspan Fabric Structures Int'l, Inc.*, No. 3:18-cv-01104-HZ, 2020 WL 1855190, at *12 (D. Or. Apr. 13, 2020). Thus, courts have held that they cannot enforce contract provisions providing funds to be used to cultivate cannabis, *see Bart St. III v. ACC Enters., LLC*, No. 2:17-cv-00083-GMN-VCF, 2018 WL 4682318, at *5 (D. Nev. Sept. 27, 2018), nor require one party to pay another for marijuana plants, *see J. Lilly, LLC*, 2020 WL 1855190, at *12. *Cf. Mann v. Gullickson*, No. 15-cv-03630-MEJ, 2016 WL 6473215, at *7 & n.4 (N.D. Cal. Nov. 2, 2016) (holding the court could order the buyer to pay the seller under a

---

[3] To be sure, Plaintiffs do not phrase their argument for remand in standing terms, but they raise jurisdictional arguments that implicate the standing issue, and regardless, "federal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Moreover, Defendants addressed the relevant standing issues at length in their Response. (Doc. 10 at 12–15).

contract for the sale of businesses related to the marijuana industry that did not actually possess, cultivate, or distribute marijuana, but suggesting that the outcome would be different if the object of the contract were itself illegal).

Here, the object of the APA undoubtedly involves illegal activity as it provides for the sale of a business that "operates an indoor cannabis cultivation facility" and "supplies cannabis to licensed marijuana dispensaries in Arizona." (Doc. 1-6 at 13). This is different from the cases cited by Defendants. In *Mann*, the contract was for the sale of a consulting business and a retail operation that sold plant-growing equipment, both of which served the medical marijuana industry but did not actually grow or distribute marijuana. *Mann*, 2016 WL 6473215, at *1. *In re Malul*, a bankruptcy case in the District of Colorado, involved an individual with "a somewhat roundabout connection to the marijuana industry."[4] 614 B.R. 699, 706 (Bankr. D. Colo. 2020). The promissory notes at issue in *Ginsburg v. ICC Holdings, LLC* did not mention marijuana, much less require its manufacture, distribution, or possession. No. 3:16-CV-2311-D, 2017 WL 5467688, at *7 (N.D. Tex. Nov. 13, 2017). And in *Indian Hills Holdings, LLC v. Frye*, the plaintiff sought repayment for marijuana-related goods that he never received from the defendants. No. 3:20-cv-00461-BEN-AHG, 2021 WL 5994036, at *1 (S.D. Cal. Dec. 17, 2021). All of those facts are drastically different from the circumstances here, where Plaintiffs seek payment for a cannabis cultivation and distribution business that was in fact transferred to Defendants. Enforcing the APA and the promissory note between Plaintiff True Harvest and Defendant TH Holdings called for as part of the purchase price would compel a violation of the CSA because the APA itself violates federal law on its face. (Doc. 1-6 at 14). As a result, this Court cannot redress Plaintiff True Harvest's injury.

---

[4] Additionally, *Malul* relied primarily on *Green Earth Wellness Ctr., LLC v. Atain Specialty Ins. Co.*, 163 F. Supp.3d 821 (D. Colo. 2016). The court in *Green Earth Wellness* expressly declined to follow a case from within the Ninth Circuit, *Tracy v. USAA Cas. Ins. Co.*, No. 11-00487 LEK-KSC, 2012 WL 928186 (D. Haw. Mar. 16, 2012), which is more persuasive to this Court.

The promissory notes that the remaining Plaintiffs seek to enforce are more like the promissory notes in *Ginsburg*, as they make no mention of cannabis. But, along with Plaintiff True Harvest, the remaining Plaintiffs also seek relief in the form of the appointment of a receiver over Defendants. A receiver is "a person specially appointed by the court to take control, custody, or management of property that is involved or is likely to become involved in litigation." Wright & Miller, *Federal Practice & Procedure* § 2981. It is plain that this Court cannot appoint a receiver to manage an entity engaged in the cultivation and distribution of cannabis without ordering a violation of the CSA. Thus, this Court cannot provide the relief that any Plaintiff seeks and must remand this case. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Remand (Doc. 6) is **granted**. The Clerk of Court shall **remand** this action to the Maricopa County Superior Court and **terminate** this case.

**IT IS FURTHER ORDERED** that this Court will not rule on Plaintiffs' Motion to Dismiss Defendants' Counterclaims (Doc. 13), and it shall be administratively terminated by the Clerk of Court.

Dated this 14th day of November, 2022.

Honorable Steven P. Logan
United States District Judge